**W. KEITH WYATT, ESQ. (#80859)**
*wkwyatt@imwlaw.com*
**ANTONIO K. KIZZIE, Esq. (SBN 279719)**
*akizzie@imwlaw.com*
**IVIE, McNEILL & WYATT**
444 South Flower Street, Suite 1800
**Los Angeles, California 91733**
**Telephone: (213) 489-0028**
**Facsimile:   (213) 489-0552**

Attorneys for Plaintiff **JAMARR ISOM**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMARR ISOM<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY OF LOS ANGELES, a public entity, LOS ANGELES POLICE DEPARTMENT, a public entity,<br><br>OFFICER LEE THORTON Serial No. Unknown, individually and in his capacity as an Officer of the Los Angeles Police Department; OFFICER ULLOA, Serial No. Unknown, individually and in his capacity as an Officer of the Los Angeles Police Department; and DOES 1 through 50, inclusive.<br><br>    Defendants. | Case No.:<br><br>**[Assigned to Judge…. Dept. ]**<br><br>**COMPLAINT FOR DAMAGES**<br>1. EXCESSIVE FORCE, UNLAWFUL SEARCH & SEIZURE, DUE PROCESS DEPRIVATIONS 42 U.S.C. § 1983<br>2. FAILURE TO PREVENT EXCESSIVE FORCE, UNLAWFUL SEARCH & SEIZURE, DUE PROCESS DEPRIVATIONS 42 U.S.C. § 1986<br>3. MUNICIPAL UNLAWFUL CUSTOM AND  PRACTICE 42 U.S.C. § 1983<br>4. ASSAULT & BATTERY<br>5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>6. NEGLIGENT EMPLOYMENT/RETENTION/SUPERVISION/TRAINING<br>7. NEGLIGENCE<br>8. VIOLATION OF BANE ACT<br>9. VIOLATION OF THE RALPH ACT<br>10. FALSE ARREST/IMPRISONMENT<br><br>**DEMAND FOR JURY** |

TO: CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT;

DEPUTY LEE THORTON; DEPUTY ULLOA, and DOES 1-50, inclusive:

## VENUE AND JURISDICTION

1.      This is a police misconduct action filed pursuant to 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. § 1343(3) (Civil rights). Venue lies in the Central District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C. § 1391 (b). Plaintiff's state law claims for relief are within the supplemental jurisdiction of the Court, as authorized by 28 U.S.C. § 1367.

## PARTIES

2.      At all relevant times herein, **JAMARR ISOM** (hereinafter referred to as "PLAINTIFF" or "MR. ISOM") was an individual residing in the County and City of Los Angeles, California.

3.      At all relevant times herein, Respondent THE CITY OF LOS ANGELES (hereinafter "CITY") was an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF LOS ANGELES POLICE DEPARTMENT (hereinafter referred to as "LAPD") and its tactics, methods, practices, customs and usages.

4.     At all times mentioned herein and material hereto, Defendant Officer ULLOA ("OFFICER ULLOA") was engaged in law enforcement as a police officer, sergeant, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant CITY OF LOS ANGELES, duly employed as police officer by the Los Angeles Police Department, Pacific Division, who was acting in the course and scope of his employment all times relevant to the acts and omissions herein alleged.

5.     At all times mentioned herein and material hereto, defendant Officer LEE THORTON (hereinafter "THORTON") was engaged in law enforcement as a police officer, sergeants, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant CITY OF LOS ANGELES, duly employed as police officers by the Los Angeles Police Department, Pacific Division, who was acting in the course and scope of his employment all times relevant to the acts and omissions herein alleged.

6.     Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 50, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff

will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.     Defendants, and each of them, acted under color of law and did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

## FACTS COMMON TO ALL COUNTS

8.     This Complaint concerns two Los Angeles Police Department officers unlawfully causing severe physical and emotional injuries to MR. ISOM.   On December 4, 2013 at or around 10:30 p.m., MR. ISOM, a former college student with no criminal record, was routinely driving westbound to his place of employment as a security guard at Warner Brothers/TMZ. MR. ISOM was not breaking any traffic or penal code laws at all relevant times herein.

9.     After ISOM passed the intersection of W. Jefferson Blvd. and Grosvenor Ave., OFFICER ULLOA and OFFICER THORTON from the Pacific Division of the Los Angeles Police Department conducted a false traffic stop of MR. ISOM under the pretext that MR. ISOM had violated a traffic law. MR. ISOM obediently pulled over his vehicle to the curb of W. Jefferson Blvd.

10.     During this traffic stop, OFFICER ULLOA and OFFICER THORTON, employees of CITY OF LOS ANGELES/LAPD ("OFFICERS" or "DEFENDANTS," collectively") ordered MR. ISOM out of the vehicle without

provocation nor necessity. MR. ISOM complied with the officers, stepped out of the vehicle, and raised his hands up. Plaintiff is informed, and believes, and thereon alleges that other officers whose names are currently unknown to Plaintiff arrived and references said officers as DOES 1 through 50, inclusive.

11.    After MR. ISOM complied with the officers' orders and offered no resistance, OFFICER ULLOA and OFFICER THORTON used excessive force by unlawfully proceeding to violently "take down" and choke MR. ISOM, pressed their knees into ISOM's neck and back, twisted and pulled MR. ISOM's arms and shoulders, drove the wheel of their patrol vehicle up to MR. ISOM's head as if to threaten to run MR. ISOM over, threw MR. ISOM into a wall, handcuffed MR. ISOM's wrists very tightly causing damage to Mr. ISOM's wrists, placed MR. ISOM under arrest falsely, and threw MR. ISOM into the back of a patrol vehicle. Not one of the additional responding officers intervened to prevent this unjustified use of excessive force in violation of 42 U.S.C. § 1986.

12.    The officers' actions caused MR. ISOM current and ongoing severe physical, mental and emotional injuries, loss of time and wages from work, and medical expenses. The officers then proceeded to search MR. ISOM's vehicle and found no drugs, weapons, alcohol or other contraband justifying the stop or arrest. No timely medical treatment was rendered to MR. ISOM at the scene despite complaints of injuries made to the officers.

13.     The officers falsely arrested and accused MR. ISOM of a violation of P.C. 148 (a)(1) resisting, obstructing, interfering with an officer as part of a conspiracy to cover up the unlawful arrest and excessive force.  No criminal complaint was ever filed against MR. ISOM nor was MR. ISOM convicted of any criminal offense.

14.     OFFICER THORTON, OFFICER ULLOA, and DOES 1 through 50 negligently assessed the circumstances presented to them and violently confronted MR. ISOM without probable cause or reasonable suspicion that MR. ISOM had committed a crime or would commit a crime in the future.  Instead, OFFICER THORTON, OFFICER ULLOA, and DOES 1 through 50 under the longstanding policy, custom, and/or practice of the CITY OF LOS ANGELES via the LOS ANGELES POLICE DEPARTMENT used excessive and disproportional force in excess of the existing use of force policies, falsely arrested MR. ISOM without probable cause or reasonable suspicion and without fear of consequences, and falsely claimed typical crimes of P.C. 148(a)(1) in order to cover up or appear to justify their actions.

15.     CITY in furtherance of its longstanding policy, custom, and/or practice negligently supervised, employed, trained, and/or retained officers, rewarded these officers for said misconduct, overlooked and/or acted with deliberate indifference

to complaints of excessive force, dishonesty, and false arrests against these officers.

16.     As a result of the excessive force by OFFICER THORTON and OFFICER ULLOA and the traumatic experience of being falsely manhandled and arrested without probable cause nor reasonable suspicion in violation of his civil rights, MR. ISOM suffered and continues to suffer severe and grievous physical, mental, and emotional injuries. MR. ISOM was initially treated for his physical injuries at California Hospital Medical Center in Los Angeles, California wherein MR. ISOM was determined to have suffered various injuries to his neck, back, spine, arms, wrists, and shoulders requiring a sling, medication, and further ongoing physical and mental/emotional therapy.

17.     MR. ISOM's injuries have caused MR. ISOM to miss time and caused ISOM anxiety regarding his employment. When MR. ISOM does work, he is in ongoing pain. MR. ISOM now suffers from ongoing anxiety, stress, and other various mental/emotional injuries as a direct and proximate result of the officers' use of force and City's deliberate indifference to the known or reasonably discoverable violent and unlawful propensities of these officers.

## PROCEDURAL HISTORY

18.     On March 3, 2014, MR. ISOM filed a "Claim for Damages" to person or property against the City of Los Angeles pursuant to <u>Gov. Code</u> Section 911.2.  On

May 15, 2014, the City Attorney rejected MR. ISOM's claim (C14-3415).  Now,

MR. ISOM brings this lawsuit having exhausted all administrative remedies

available to him.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF CIVIL RIGHTS, EXCESSIVE FORCE, UNLAWFUL**
**SEARCH & SEIZURE, FALSE ARREST, EQUAL PROTECTION DUE**
**PROCESS DEPRIVATIONS DUE PROCESS**
**DEPRIVATIONS 42 U.S.C. § 1983)**
**(By Plaintiff Against All Individual Defendants)**

19.    Plaintiff refers to and re-alleges each and every allegation contained in

paragraphs 1 through 18 of this Complaint, and by this reference incorporates the

same herein and makes each a part thereof.

20.    Both prior to and during the time in which Officer ULLOA and Officer

THORTON injured MR. ISOM, MR. ISOM was not armed with any kind of

weapon, and posed no reasonable threat of violence to defendant police officers

nor to any other individual. Officer ULLOA and Officer THORTON  arrested MR.

ISOM with no probable cause nor reasonable suspicion of any crime. Both prior to

and during the time in which MR. ISOM was injured, MR. ISOM  made no

aggressive movement, no furtive actions, and no physical movements which would

suggest to a reasonable officer that MR. ISOM was armed with any kind of

weapon, or had the will, or the ability to inflict substantial bodily harm against any

individual. Both prior to and during the time in which defendant officers injured

MR. ISOM, they were not faced with any circumstances which would have led a reasonable officer to believe that MR. ISOM posed a risk of death, or serious bodily injury to any person. Both prior to and during the time in which defendant officers injured MR. ISOM, MR. ISOM did not consent to the use of force used upon him.

21.   This action at law for money damages arises under Title 42 U.S.C § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the Unites State Constitution.

22.   Commencing at or about the aforementioned date and place, without cause, authority or justification, and acting under color of law, the individual Defendants and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

23.   Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of rights against unreasonable seizures, abuse, false arrest, battery, due process of law and liberty interests secured thereby, and freedom from groundless criminal accusations.

24.     As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to his nervous system, fear, anxiety, torment, degradation and emotional distress.

25.     In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff suffered special and general damages in an amount as proved.

26.     By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney's fees.

27.     The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious and deliberate disregard of Plaintiffs constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, in an amount as proved.

## SECOND CAUSE OF ACTION
## FAILURE TO PREVENT EXCESSIVE FORCE, UNLAWFUL SEARCH & SEIZURE, DUE PROCESS DEPRIVATIONS 42 U.S.C. § 1986

28.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 27 of this Complaint, and by this reference incorporates the same herein and makes each a part thereof.

29.     Plaintiff is informed and believes and thereupon alleges that Defendants DOES 1 through 50 were present, observed, and/or otherwise were aware or reasonably should have been aware that Plaintiff was being subjected to excessive force, unlawful search and seizure, and the deprivation of rights alleged herein.

30.     Plaintiff is informed and believes and thereupon alleges that Defendants DOES 1 through 50 had a duty to prevent and/or intervene to prevent Plaintiff from being subjected to excessive force and the deprivation of rights alleged herein under 42 U.S.C. § 1986.

31.     Plaintiff is informed and believes and thereupon alleges that Defendants DOES 1 through 50 refused and/or failed to prevent and/or intervene to prevent Plaintiff from being subjected to excessive force and the deprivation of rights alleged herein under 42 U.S.C. § 1986.

32.     The aforementioned acts and omissions of Defendants, and each of them, were a direct and proximate cause of Plaintiff's physical, mental, and emotional injuries which warrant the awarding of compensatory and special damages in a sum according to proof.

33.      The aforementioned acts and omissions of Defendants, and each of them, were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof.

## THIRD CAUSE OF ACTION
## UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983
### (By Plaintiff against Defendant CITY)

34.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1-33 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

35.   Defendant CITY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California and at all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LOS ANGELES POLICE DEPARTMENT (LAPD) and its tactics, methods practices, customs and usages.

36.   At all times herein mentioned, Defendants and each of them, were employees acting under the CITY and LAPD'S direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth, and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of

persons as peace officers who have demonstrated their brutality, dishonesty, and numerous other serious abuses of their powers as peace officers in the employment of the CITY.

37.     The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendant CITY and LAPD include, but are not limited to:

a.     Defendant CITY and LAPD had knowledge, prior to and since this incident, of similar allegations of wrongful and unlawful battery, dishonesty and corruption by LAPD employees, including the individual defendants herein, and refused, with deliberate indifference, to enforce established administrative procedures to insure public safety, protection of citizen's rights and the Plaintiffs liberty interests;

b.     Defendant CITY and LAPD refused to adequately discipline individual employees found to have committed similar acts of dishonesty and misconduct;

c.     Defendant CITY and LAPD refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by CITY and LAPD employees;

d.     Defendant CITY and LAPD reprimanded, threatened, intimidated, demoted and fired employees who reported acts of abuse by other CITY and LAPD employees;

e.      Defendant CITY and LAPD covered up acts of misconduct and abuse by CITY and LAPD employees and sanctioned a code of silence by and among LAPD officers;

f.      Defendant CITY and LAPD failed to adequately supervise the actions of employees under its control;

g.      Defendant CITY and LAPD condoned and participated in the practice of prosecuting groundless criminal charges for the purpose of insulating the CITY and LAPD employees from civil liability and reducing or dismissing criminal charges against individuals in return for releasing them from civil liability;

h.      Defendant CITY and LAPD tacitly condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct;

i.      Defendant CITY and LAPD tacitly condones and encourages use of excess force on citizens;

j.      Defendant CITY and LAPD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by December 6, 2011, and thereafter, represented the unconstitutional policies, practices and customs of the CITY and LAPD.

39.     By reason of the aforesaid policies, customs, practices and usages, Plaintiffs First, Fourth and Fourteenth Amendments to the United States Constitution were violated.

## FOURTH CAUSE OF ACTION
## ASSAULT AND BATTERY
### (By Plaintiff Against all Defendants)

40.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1-39 of this complaint, and by reference incorporates the same herein and makes each a part hereof.

41.     At the aforementioned date, time and place, Defendants, and each of them, assaulted and battered Plaintiff. Plaintiff did not consent to Defendants' wrongful, harmful, and offensive touching and neither was Defendants' touching privileged.

42.     By reason of the acts aforesaid, Plaintiff was placed in great fear for his safety and physical and emotional well-being.

43.     The aforementioned acts of Defendants, and each of them, were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (By Plaintiff Against All Defendants)

44.     Plaintiff refers to and re-alleges each every allegation contained in paragraphs 1-43 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

45.     On or about said date, and thereafter, Plaintiff was entitled to the due care, service and protection by Defendants and the CITY OF LOS ANGELES Police Department.

46.     On or about said date, and thereafter, Defendants and each of them, unlawfully caused Plaintiff to be battered without reasonable nor probable cause; subjected Plaintiff to excessive unreasonable force and malicious physical pain and suffering and conspired among themselves to violate Plaintiff's rights and intentionally cause injury and harm to Plaintiff.

47.     In doing the aforementioned, Defendants' conduct was intentional, negligent, outrageous, malicious, and done for the purpose of causing Plaintiff to suffer traumatic emotional suffering and mental distress, the indignity of an arrest, fear, anxiety, and mental anguish.

48.     As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, mental and emotional distress and is entitled to and demands damages against Defendants jointly and severally, as recited in the First Cause of Action, including, but not limited to general and punitive damages and attorney's fees.

## SIXTH CAUSE OF ACTION
## NEGLIGENT EMPLOYMENT/RETENTION/SUPERVISION
### (By Plaintiff Against Defendants CITY and LAPD)

49.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1-48 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

50.     On or about December 4, 2013, and sometime prior thereto, Defendants CITY LAPD knew, or in the exercise of due care, should have known, that Officer ULLOA and Officer THORTON and DOES 1-50, and each of them, had a propensity, character trait, and practice, while purporting to act under color of law, for violence, dishonesty and prevarication.

51.     At all times mentioned herein, Defendants CITY and LAPD knew, or in the exercise of due care, should have known that the afore described traits of character, practices and propensities of Officer ULLOA and Officer THORTON and DOES 1-50, and each of them, made them unfit to serve as peace officers and would cause harm and injury to members of the public, including persons in the custody of said Defendants.

52.     Notwithstanding such knowledge, Defendants CITY and LAPD negligently, carelessly and recklessly, employed, retained and failed to properly supervise, train and control Officer ULLOA and Officer THORTON and DOES 1-50, and each of them, inclusive, as peace officers and assigned said Defendants to duties which

enabled each of them to make illegal arrests, fabricate probable cause and crimes, and use excessive force while purporting to act under the color of law.

53.     As a proximate result of the negligence and carelessness of Defendants, and each of them, Plaintiff suffered mental anguish, emotional distress and financial losses, all to the Plaintiffs damage in a sum according to proof.

**SEVENTH CAUSE OF ACTION**
**NEGLIGENCE**
**(By Plaintiff Against All Defendants)**

54.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1-53 of this complaint, and by this reference incorporates the same herein and makes each a part of hereof.

55.     On or about December 4, 2013, and thereafter, Plaintiff was entitled to the duty of care by Officer ULLOA and Officer THORTON and DOES 1-50, and each of them to conduct themselves in a reasonable manner under the circumstances presented.

56.     On or about said date, Officer ULLOA and Officer THORTON and DOES 1-50, and each of them, breached the duty of due care owed to Plaintiff in that Defendants used excessive force and thereby negligently subjected Plaintiff to bodily injury while Defendants and each of them knew, or in the exercise of reasonable care, should have known that MR. ISOM did not pose a threat of harm to the defendant police officers or others.

57.    In doing the aforementioned acts and omissions, Defendants' conduct was negligent, proximately causing Plaintiff to suffer damages.

58.    As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, mental and emotional distress and is entitled to and demands damages against Defendants jointly and severally, as recited in the First Cause of Action, including, but not limited to general and punitive damages.

**EIGHTH CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA BANE CIVIL RIGHTS ACT**
**(By Plaintiff Against Defendants)**

59.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 58 of this complaint, and by this reference incorporates the same herein and makes each part hereof.

60.    On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated Plaintiff's civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby providing a civil cause of action against defendants under California Civil Code Section 52.1.

61.    Officer ULLOA and Officer THORTON, while working as officers for the LAPD, and acting within the course and scope of their official duties, interfered with or attempted to interfere with the rights of MR. ISOM to be free from

unreasonable searches and seizures and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation.

62.     On information and belief, ISOM reasonably believed that if he exercised his constitutional rights to be free from unreasonable searches and seizures and unreasonable excessive force, Officer ULLOA and Officer THORTON would commit acts involving violence, threats, coercion or intimidation against his person.

63.     Officer ULLOA and Officer THORTON injured MR. ISOM, to prevent MR. ISOM from exercising his rights or to retaliate against MR. ISOM for having exercised his rights.

64.     As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, statutory damages, and attorney's fees and costs provided by Civil Code section 52.1(h).

65.     The CITY and LAPD are vicariously liable for the wrongful acts of Officer ULLOA and Officer THORTON pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## NINTH CAUSE OF ACTION
## VIOLATIONS OF CALIFORNIA RALPH CIVIL RIGHTS ACT
### (By Plaintiff against all Defendants)

66.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 65 of this complaint, and by this reference incorporates the same herein and makes each part hereof.

67.    On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated Plaintiff's civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California by committing violent acts thereby providing a civil cause of action against defendants under California Civil Code Section 51.7.

68.    The motivating reason for Defendants' conduct was their perception of Plaintiff's race, color, and/or national origin.

69.    Plaintiff was severely physically, mentally, and emotionally harmed.

70.    Defendants' conduct was a substantial factor in causing MR. ISOM's harm.

## TENTH CAUSE OF ACTION
## FALSE ARREST/IMPRISONMENT
### (By Plaintiff against all Defendants)

71.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 70 of this complaint, and by this reference incorporates the same herein and makes each part hereof.

72.    OFFICER ULLOA and OFFICER THORTON arrested Plaintiff without any reasonable suspicion nor probable cause to believe that Plaintiff had committed or was about to commit any crime. The officer's actions subjected Plaintiff to the harmful and traumatic experience of being arrested/imprisoned, prevented from having freedom to leave, and for the first time in Plaintiff's life being deprived of his Constitutionally guaranteed liberty for an extended period of time.

73.    Plaintiff did not consent to this period of imprisonment and was harmed thereby in an amount to be proven at trial.

74.    Defendants' conduct of subjecting Plaintiff to false and wrongful arrest and imprisonment was a substantial factor in causing plaintiff's harm.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

1.    Compensatory general and special economic and noneconomic damages in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;

2.    Punitive damages against each of the individual Defendants in an amount sufficient to punish and to make an example of said Defendants, and to deter others from engaging in similar misconduct;

3.    Statutory and Civil penalties as allowed by law;

4.     Reasonable attorney's fees, expenses, interests, and costs of suit pursuant to

42 U.S.C. § 1988 & Civil Code § 52.1(h); and

5.     For other such relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated:   November 13, 2014                          **IVIE, McNEILL & WYATT**


                                        **By: /s/ ANTONIO K. KIZZIE**
                                            **W. KEITH WYATT**
                                            **ANTONIO K. KIZZIE**
                                            **Attorneys for Plaintiff**
                                            **JAMARR ISOM**