1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10  JAMARR ISOM                           )   **CASE NO. CV14-8826 AB (AJWx)**
                                          )   Honorable Andre Birotte, Jr
11                                        )
                   Plaintiff,             )   Referred to Magistrate Judge Andrew Wistrich
12                                        )
13        v.                              )   PROTECTIVE ORDER
                                          )
14                                        )   **Trial date April 12, 2016**
    CITY OF LOS ANGELES, et al.           )
15                                        )
                                          )
16             Defendants.                )
    _____)
17
18
19
20
21  **TO THIS HONORABLE COURT AND ALL COUNSELS OF RECORD:**

22        Come Now Plaintiff Jamarr Isom by and through his counsel, Antonio Kizzie, and City

23  of Los Angles and Alfred Thornton, by and through their attorney Craig Miller and Francisco

24  Ulloa through his counsel Laura Inlow with a Proposed Protective order as ordered by this

25  court when ordering the disclosure of certain LAPD personnel documents on December 10,

26  2015.

27        This protective order is necessary so that the order of the court regarding the disclosure

28  of the Internal Affairs and Use of Force investigations pertaining to this case and limited

personnel complaints from other incidents can be fulfilled. Per the court's order the documents are presently to be marked as "Eyes only" but are subject to a complete protective order once one is in place.

Good cause exists for this protective order in an effort to minimize the intrusion on the privacy rights and official information privileges of the Defendants and at the same time permit discovery of documents which the court found good cause to disclose.

The parties desire to allow the documents to be provided and have them subject to an order of protection permitting their use in this case and if they need to be filed with the court, that the filing be done under seal. Therefore, the parties submit the following (Proposed) Protective Order for the court's consideration.

**IT IS HEREBY ORDERED that:**

1. The "Confidential Material" which is the subject of the protective order shall include, documents constituting police personnel records not limited to the Use of Force Complaint in this matter, The Internal Affairs report into this matter; and various personnel complaints made against the officers on the topics of force and dishonesty occurring in the five years prior to this incident. All these documents are maintained by LAPD with an expectation of confidentiality;

2. Personal confidential information such as home address, Social Security number, financial information, family information, and unrelated medical information may be, but is not required to be, redacted from any documents produced.

3. This Protective Order shall protect from unauthorized disclosure documents, things, or other information (Confidential Material as defined in Paragraph No. 1, above) produced by the parties in this action or obtained during discovery from third parties. In an effort to maintain the confidentiality of the information the following shall apply:

4. Confidential Material shall be classified as confidential and parties may affix by stamping/watermarking copies with "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER (or similar terminology)" including the case name and number one time only on the document in a manner that will not overly obscure the content of the

document.  Stamping "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" on the cover of a multiple page document shall classify all pages of the document as confidential, unless otherwise indicated by the parties. Other unambiguous written notice that material is being classified as confidential also shall be sufficient.

5.     Immediately upon production of the Confidential Material,  counsel shall personally secure and maintain said material in his possession. Counsel shall not cause or knowingly permit disclosure to any person or entity of the contents of the Confidential Material in any manner, including orally, any statement or information, or portions thereof, beyond the disclosure permitted under the terms and conditions of this Order.

6.     The Confidential Material shall be used only for the purpose of prosecution, including any appeal, and settlement of this action. No person to whom Confidential Material is disclosed shall cause or permit it to be used for any other purpose.

7.     Any copies, summaries, abstracts, noted, extracts of the contents or other documents derived form the Confidential Material are protected under this Order, and shall be treated in the manner set forth in Paragraph No. 9 below.

8.     Production of Confidential Material shall be made solely to  counsel or counsel formally associated in the case, and experts as needed,  and their representatives in this action. No counsel may disseminate the information to any person or entity, for any purpose, absent a prior court order, except that Confidential Material may be provided to a retained expert actively assisting  counsel in the investigation of this action and/or the names and addresses may be provided to an investigator hired by counsel for the purposes of obtaining witness statement and/or serving said witnesses with deposition and/or trial subpoenas.

9.     In the event counsel finds it necessary to employ such experts and/or investigators, prior to the disclosure of any Confidential Material, any attorney shall first cause the substance of this Order to be communicated to any such person and provide him or her with a copy of this Order.

All parties agree that if a person is provided with Confidential Material and should  this person's identity become disclosed via their execution of the confidentiality

3

provision of this protective order, and said person is not designated as an expert in this matter, the other side(s) agrees to not contact or seek records from said person.

10.   If Confidential Material is used, directly or indirectly, in any depositions taken, the confidential portions of the transcript of the deposition, and all copies thereof shall be stamped "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" and shall be sealed pursuant to this Order. Any such testimony referring or relating or retelling the events disclosed in the protected documents shall be taken under seal. A copy of this Order shall be attached as an exhibit to said deposition transcript and the court reporter shall be subject to said Order and precluded from providing the original deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant action. Furthermore, any confidential portions of an audiotape and/or videotape of said deposition shall be sealed pursuant to this Order.

11.   In addition, anyone other than the parties and following persons shall be precluded from attending the deposition during which Confidential Material is to be addressed: Counsel of record in this action, the court reporter, and the court videographer, if any, and any expert witnesses who have previously agreed to be bound by the instant Stipulation for a Protective Order. Those attending the deposition using Confidential Material shall not disclose to any person or entity, in any manner, including orally, any statements made by the deponent during the course of said deposition and any such disclosure shall be construed as a violation of this Order.

12.   If any counsel is served with a subpoena or other request seeking Confidential Material, counsel shall immediately give written notice to counsel for the party producing the confidential material, or plaintiff.

13.   Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions (collectively, "papers") filed by counsels with the Court, which contain, reflect, incorporate or refer to Confidential Material, shall be accompanied by an application to file the papers under seal, absent further Order of this Court. Pending a ruling on the application, the papers that are subject of the application shall be lodged under seal.

14.     Counsel for any party may request that any motions, applications or other pre-trial proceedings, which could entail the discussion or disclosure of Confidential Material, be heard by the court outside the presence of the jury or in a closed courtroom.  If no request is made by counsel, opposing counsel may reveal confidential information in the courtroom , without violating this order.

15.     Nothing herein shall prejudice Disclosing Parties' rights to object to the introduction of any Confidential Material into evidence, on grounds, including, but not limited to, relevance and privilege.

16.     Within thirty (30) days following the termination of the instant action any appellate proceedings relating thereto, all of the above-referenced Confidential Material, and all copies or documents derived therefrom, including copies save on hard drives, thumb drives, any other storage device or electronic format such as attached to email or file sharing applications such as "Dropbox" in the possession, custody, or control of counsel and any other person counsel provided the Confidential Material to,  shall be returned to the party producing the Confidential Material.  The parties respectively agree to bear the costs associated with retrieval and destruction of the Confidential Material.

17.     This Order shall survive the termination of this action, and the court retains jurisdiction to resolve any dispute concerning the use or disclosure of the Confidential Material disclosed pursuant to this Order.

**IT IS SO ORDERED.**

Dated: _12/22/2015____    _____
Andrew Wistrich, Magistrate Judge
UNITED STATES District  Court

5

1    **I have read and reviewed the forgoing Proposed Protective Order and agree to its**
2
3    **terms on behalf of my client.**
4
5    DATED: December 21, 2015          **IVIE, McNEILL & WYATT**
6
7                                      By:    /S/ *Antonio K. Kizzie*
8                                           ANTONIO K. KIZZIE, Esq.
                                           Attorneys for Plaintiff JAMARR ISOM
9
10   DATED: December 21, 2015          **COLLINSON LAW**
11
                                       By:          /S/ - *Laura E. Inlow*
12                                          LAURA E. INLOW
13                                          Attorneys for Defendant FRANCISCO ULLOA
14                                     **LOS ANGELES CITY ATTORNEYS OFFICE**
15
16   DATED: December 21, 2015   By:          /S/ - *Craig J. Miller*
17                                          CRAIG J. MILLER, Deputy City Attorney
                                           Attorneys for Defendants CITY OF LOS
18                                          ANGELES, et al.
19
20
21
22
23
24
25
26
27
28